# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| FRANKIE WENDELL ERDMAN, JR., | : | |
| Plaintiff, | : | |
| vs. | : | CIVIL ACTION NO. 1:18-cv-414-TFM-C |
| PETER T. FALKNER, *et al.*, | : | |
| Defendants. | : | |

## ORDER

Pending before the Court is *Defendants' Motion for Leave to File Defendants' Supplemental Memorandum in Opposition to Plaintiff's Motion to Remand*. Doc. 33. In Defendants' motion, they request the Court's permission to file a supplement to their opposition to Plaintiff's Motion to Remand because of subsequently filed counterclaims that include a declaractory judgment of inventorship that Defendats claim impacts the Court's jurisdictional analysis. *Id.*, ¶¶ 3-4. In Defendants' Notice of Removal, they state the Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).

Defendants' argument that their counterclaim impacts the Court's jurisdictional analysis is properly addressed by the Supreme Court in *Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.*, 535 U.S. 862, 122 S. Ct. 1889, 153 L. Ed. 2d 13 (2002):

> Section 1338(a) . . . provides in relevant part that "[t]he district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents . . . ." . . .
>
> Section 1338(a) uses the same operative language as 28 U.S.C. § 1331, the statute conferring general federal-question jurisdiction, which gives the district courts "original jurisdiction of all civil actions *arising under* the Constitution, laws, or treaties of the United States." (emphasis added). We said in *Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800, 808 108 S. Ct. 2166, 100 L. Ed. 2d 811 (1988), that "[l]inguistic consistency" requires us to apply the same test to determine whether a case arises under § 1338(a) as under § 1331.

The well-pleaded-complaint rule has long governed weather a case "arises under" federal law for purposes of § 1331. *See, e.g., Phillips Petroleum Co. v. Texaco Inc.*, 415 U.S. 125, 127-28, 94 S. Ct. 1002, 39 L. Ed. 2d 209 (1974) (per curiam). As "appropriately adated to § 1338(a)," the well-pleaded-complaint rule provides that whether a case "arises under" patent law "must be determined from what necessarily appears in the plaintif's statement of his own claim in the bill or declaration . . . ." *Christianson*, 486 U.S. at 809, 108 S. Ct. 2166 (internal quotation marks omitted). The plaintiff's well-pleaded complaint must "establish[h] either that federal patent law creates the case of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal patent law . . . ." *Ibid*.

*Holmes Grp., Inc.*, 535 U.S. at 829-30, 122 S. Ct. at 1893 (footnotes omitted).

In *Holmes Group, Inc.*, the Supreme Court stated in response to the respondent's argument that the well-pleaded-complaint rule allows a counterclaim to serve as the basis for a district court's "arising under" jurisdiction:

> Admittedly, our prior cases have only required us to address whether a federal defense, rather than a federal counterclaim, can establish "arising under" jurisdiction. Nevertheless, those cases were decided on the principle that federal jurisdiction generally exists "only when a federal question is presented on the face of the *plaintiff's* properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425, 96 L. Ed. 2d 318 (1987) (emphasis added). As we said in *The Fair v. Kohler Die & Specialty Co.*, 228 U.S. 22, 25, 33 S. Ct. 410, 57 L. Ed. 716 (1913), whether a case arises under federal patent law "cannot depend upon the answer." Moreover, we have declined to adopt proposals that "the answer as well as the complaint . . . be consulted before a determination [is] made whether the case 'ar[ises] under' federal law . . . ." *Franchise Tax Bd. of Cal. v. Construction Laborers Bacation Trust for Southern Cal.*, 463 U.S. 1, 10-11 n.9, 103 S. Ct. 2831, 77 L. Ed. 2d 420 (1983) (citing American Law Institute, Study of the Division of Jurisdiction Between State and Federal Courts § 1312, pp. 188-193 (1969)). It follows that a counterclaim-which appears as part of the defendant's answer, not as part of the plaintiff's complaint-cannot serve as the basis for "arising under" jurisdiction. *See, e.g., In re Adams*, 809 F.2d 1187, 1188 n.1 (5th Cir. 1987); *FDIC v. Elefant*, 790 F.2d 661, 667 (7th Cir. 1986); *Takeda v. Northwestern National Life Ins. Co.*, 765 F.2d 815, 822 (9th Cir. 1985); 14B C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure § 3722, pp. 402-14 (3d ed. 1998).

> Allowing a counterclaim to establish "arising under" jurisdiction would also contravene the longstanding policies underlying our precedents. First, since the plaintiff is "the master of the complaint," the well-pleaded-complaint rule enables him, "by eschewing claims based on federal law, . . . to have the cause heard in state court." *Caterpillar Inc., supra*, at 398-99, 107 S. Ct. 2425. The rule proposed by respondent, in contrast, would leave acceptance or rejection of a state forum to

the master of the counterclaim. It would allow a defendant to remove a case brought in state court under state law, thereby defeating a plaintiff's choice of forum, simply by raising a federal counterclaim. Second, conferring this power upon the defendant would radically expand the class of removable cases, contrary to the "[d]ue regard for the rightful independence of state governments" that our cases addressing removal require. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109, 61 S. Ct. 868, 85 L. Ed. 1214. 1941) (internal quotation marks omitted). And finally, allowing responsive pleadings by the defendant to establish "arising under" jurisdiction would undermine the clarity and ease of administration of the well-pleaded-complaint doctrine, which serves as a "quick rule of thumb" for resolving jurisdictional conflicts. *See Franchise Tax Bd.*, *supra*, at 11, 103 S. Ct. 2841.

For these reasons, we decline to transform the longstanding well-pleaded-complaint rule into the "well-pleaded-complaint-*or-counterclaim* rule" urged by respondent.

*Holmes Group, Inc.*, 535 U.S. at 831-32, 122 S. Ct. at 1893-94.

Based on the Supreme Court's decision in *Holmes Group, Inc.*, Defendants' request to file a supplement to their response to the pending Motion to Remand to address the jurisdictional effect of their counterclaims would run counter to the longstanding well-pleaded-complaint-rule. Accordingly, Defendants' Motion for Leave to File Defendants' Supplemental Memorandum in Opposition to Plaintiff's Motion to Remand (Doc. 33) is hereby **DENIED**, and Defendants' Supplemental Memorandum in Opposition to Plaintiff's Motion to Remand (Doc. 34) is **STRUCK** pursuant to Fed. R. Civ. P. 12(f).

**DONE** and **ORDERED** this the 9th day of April 2019.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE