# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| FRANKIE WENDELL ERDMAN, JR., | : | |
| Plaintiff, | : | |
| vs. | : | CIVIL ACTION NO. 1:18-cv-414-TFM-C |
| PETER T. FALKNER, *et al.*, | : | |
| Defendants. | : | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is *Plaintiff's Withdrawal of Motion to Remand and Request to Set Deadlines and for Rule 16 Conference* ("motion to withdraw"). Doc. 44, filed May 7, 2019. Plaintiff moves the Court allow him to withdraw his Motion to Remand (Doc. 14); states he does not oppose the pending Motion to Consolidate in the companion case of *INGEN1, LLC v. Erdman*, No. 1:19-cv-00183-TFM-C; moves the Court to set deadlines to amend his Complaint; moves the Court to set deadlines for him to file an answer to the counterclaims; and asks the Court set a deadline for the parties to submit a Fed. R. Civ. P. 26(f) report. Doc. 44, at 1-2.

### I.  FACTUAL AND PROCEDURAL BACKGROUND

To clarify, the Court will discuss in this memorandum opinion and order two cases that are before it. First is the instant action, *Erdman v. Falkner*, No. 1:18-cv-00414-TFM-C [hereinafter "Erdman I"], and the second is *INGEN1, LLC v. Erdman*, No. 1:19-cv-00183-TFM-C [hereinafter "Erdman II"].

**A.**  *Erdman I*

Defendants removed this matter to this Court, pursuant to 28 U.S.C. §§ 1331,[1] 1338,[2] 1441(c),[3] 1446, and 1454[4], from the Mobile County Circuit Court on September 21, 2018. *See* Doc. 1. Plaintiff's Complaint alleges state law claims of fraudulent misrepresentation, fraudulent deceit, conversion, misappropriation of trade secrets, breach of contract, and breach of fiduciary duty against Peter T. Falkner; Carla Williams Falkner; Kirby J. Plessala; Deneen Territo-Evans Plessala; Clifford A. Henricksen; Medical Ingenuity Partners, LLC; Innovative Medicine Partners, LLC; and Ingen1, LLC. Doc. 1-1.

Contemporaneously filed with Defendants' Notice of Removal is their Rule 12(b)(6) Motion to Dismiss, or Alternatively, Motion for More Definite Statement and memorandum in support[5] and Answer to the Complaint. Docs. 2-4.

On September 21, 2018, the Court entered a Preliminary Scheduling Order, which set a November 5, 2018 deadline for the parties to submit their Fed. R. Civ. P. 26(f) report. Doc. 10.

On November 3, 2018, Plaintiff filed his motion to remand and supporting brief (Doc. 14)

---

[1] "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

[2] "The district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents . . . ." 28 U.S.C. § 1338(a).

[3] "If a civil action includes a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 of this title) . . . ." 28 U.S.C. § 1441(c)(1)(A).

[4] A civil action in which any party asserts a claim for relief arising under any Act of Congress relating to patents, plant variety protection, or copyrights may be removed to the district court of the United States for the district and division embracing the place where the action is pending.

28 U. S.C. § 1454.

[5] Defendants filed on October 2, 2018, their Amended Memorandum in Support of Rule 12(b)(6) Motion to Dismiss, or Alternatively, Motion for More Definite Statement. Doc. 13.

and his Motion to Suspending Briefing Schedule, in which he moved the Court to suspend the parties' briefing for Defendants' motion to dismiss pending a ruling on Plaintiff's motion to remand (Doc. 15). Plaintiff contemporaneously filed his Motion to Stay Discovery Pending This Court's Ruling on Plaintiff's Motion to Remand, in which he moved the Court to suspend the discovery and the parties Fed. R. Civ. P. 26 obligations pending a ruling on his motion to remand. Doc. 16. The Court granted both of Plaintiff's motions (Doc. 17), and entered a briefing submission order for his motion to remand (Doc. 18). Defendants filed their response in opposition on November 29, 2018, Doc. 27, and Plaintiff filed his reply on December 12, 2018, Doc. 29.

Defendants filed their Counterclaims[6] against Plaintiff on April 8, 2019, in which they seek a declaratory judgment of patent ownership and inventorship, and invalidity and uneforceability of a nondisclosure agreement, and brings state law claims of tortious interference with business relations and breach of nondisclosure agreement. Doc. 30. On the same date, Defendants filed their Motion for Leave to File Defendants' Supplemental Memorandum in Opposition to Plaintiff's Motion to Remand (Doc. 33) and their supplemental memorandum in opposition to the motion to remand (Doc. 34). In Defendants' motion, they requested the Court's permission to file their supplemental memorandum. Doc. 33 ¶¶ 3-4. The Court granted Defendants leave to file their supplemental memorandum and allowed Plaintiff to file a response (Doc. 39), which he filed on April 24, 2019 (Doc. 40). In Defendants' supplemental memorandum, they state, since

---

[6] Fed. R. Civ. P. 13(a)(1) provides a counterclaim must be included in a pleading (e.g., an Answer). FED. R. CIV. P. 13(a)(1). Fed. R. Civ. P. 7(a) defines pleadings as: (1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-party complaint; and (7) if the court orders one, a reply to an answer. FED. R. CIV. P. 7(a). In sum, a counterclaim is not a "pleading," and a counterclaim cannot be filed (typically) as a stand-alone document. *See e.g.*, Federal Procedure, Lawyers Edition, 27A Fed. Proc., L. Ed. § 62:201 (March 2019 Update) ("[A] counterclaim is not a pleading but must be stated in a pleading and therefore can be asserted only in the defendant's answer.").

Plaintiff's Motion to Remand was filed, the United States Patent and Trademark Office issued a Notice of Allowance that indicates that a patent will issue for pending U.S. Pat. App. No. 16/152, 706 (the "706 Application") in the name of Plaintiff INGEN1, LLC, which has paid the required Issue Fee. Doc. 34, at 2. The question of inventorship and ownership of the 706 Application patent is the focus of dispute between the parties in *Erdman I* and *Erdman II*. *Compare Erdman I*, Doc. 1 *with Erdman II*, Doc. 1.

On April 29, 2019, Plaintiff filed his Motion for Extension of Time to Answer Counterclaims, in which he moved the Court extend the time for him to file his responsive pleading to Defendants' counterclaims until the Court rules on the motion to remand. Doc. 42. The Court's granted Plaintiff's motion. Doc. 43. Plaintiff filed on May 7, 2019, his instant Withdrawal of Motion to Remand and Request to Set Deadlines and for Rule 16 Conference. Doc. 44. Defendants did not file an opposition to Plaintiff's instant motion.[7] Therefore, the motion is ripe for review and the Court finds oral argument unnecessary.

**B.** *Erdman II*

In *Erdman II*, Plaintiffs Peter T. Falkner; Carla Williams Falkner; Kirby J. Plessala; Clifford A. Henricksen; Innovative Medicine Partners, LLC; and Ingen1, LLC originally filed on April 8, 2019, their Complaint against Frankie Wendell Erdman, Jr., in which they bring the same claims asserted in the counterclaims in *Erdman I*. *Compare Erdman II*, No. 1:19-cv-183-TFM-C, Doc. 1 *with* Doc. 30.

Plaintiffs contemporaneously filed their Motion to Consolidate (*Erdman II*, No. 1:19-cv-183-TFM-C, Doc. 4) and memorandum in support (*id.* at Doc. 5). In Plaintiffs' motion, they move

---

[7] "The response [to a motion] must be filed within 10 days after service of the motion unless the court shortens or extends the time." FED. R. CIV. P. 27(a)(3)(A).

the Court consolidate this matter, pursuant to Fed. R. Civ. P. 42(a), with *Erdman I* because the parties in *Erdman II* are parties in *Erdman I*, the claims in *Erdman II* are asserted as counterclaims in *Erdman I*, and the two cases arise from the same set of operative facts. *Erdman II*, No. 1:19-cv-183-TFM-C, Doc. 5, at 3-4. The Court held in abeyance and suspended briefing on the motion to consolidate pending its ruling on the motion to remand in *Erdman I*. *Id.* at Doc. 10.

Defendant filed his Special Appearance for the Sole Purpose of Filing a Motion for Extension of Time to File an Answer While Jurisdictional Issues are Resolved, in which he requested the Court to suspend the deadline by which he is to file his responsive pleading to the Complaint until the Court rules on the pending motion to remand in *Erdman I*. *Id.* at Doc. 15. The Court granted Defendant's motion and ordered Defendant to file a responsive pleading within twenty-one (21) days after the Court's ruling on the motion to remand in *Erdman I*. *Id.* at Doc. 16.

## II. **STANDARD OF REVIEW**

Federal courts have a strict duty to exercise jurisdiction conferred on them by Congress. *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716, 116 S. Ct. 1712, 1720, 135 L. Ed. 2d 1 (1996). However, federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (1994). Defendant, as the party removing this action, has the burden of establishing federal jurisdiction. *See Leonard v. Enterprise Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002) (citing *Williams v. Best Buy Co.*, 269 F.3d 1316, 1318 (11th Cir. 2001)). Further, the federal removal statutes must be construed narrowly and doubts about removal must be resolved in favor of

remand. *Allen v. Christenberry*, 327 F.3d 1290, 1293 (11th Cir. 2003) (citing *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996)); *Burns*, 31 F.3d at 1095 (citations omitted).

### III. ANALYSIS

Plaintiff notifies the Court he withdraws his Motion to Remand and consents to the Court's jurisdiction.[8] Doc. 44. Plaintiff filed his motion to withdraw in response to Defendants' Supplemental Memorandum in Opposition to Plaintiff's Motion to Remand, in which they assert their compulsory patent counterclaims grant this Court jurisdiction over this matter. Doc. 34.

Despite the fact that Plaintiff requests the Court permit him to withdraw his Motion to Remand, the Court still has an independent obligation to inquire whether it has subject matter jurisdiction over this matter. *See Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) ("A necessary corollary to the concept that a federal court is powerless to act without jurisdiction is the equally unremarkable principle that a court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings.").

The Leahy-Smith America Invents Act, Pub. L. No. 112-29, 125 Stat. 284 (2011) made three changes in the America Invents Act to address federal jurisdiction of patent claims:

> (1) 28 U.S.C. § 1338(a) was strengthened to clarify that state courts had no jurisdiction over "any claim for relief arising under any Act of Congress relating to patents"; (2) the Federal Circuit's exclusive jurisdiction was extended to include cases with compulsory patent counterclaims, *see* 28 U.S.C. § 1295(a)(1); and (3) a provision was added to permit a party to remove to federal court a case in which any party asserts a patent claim, *see* 28 U.S.C. § 1454.

*Preston v. Nagel*, 857 F.3d 1382, 1386 (2017) (citing *Vermont v. MPHJ Tech. Invs., LLC*, 803 F.3d 635, 643-44 (Fed. Cir. 2015)).

---

[8] The Court notes the parties "cannot consent to jurisdiction when it has not been authorized by Congress or the Constitution." *Gardner v. Allstate Indem. Co.*, 147 F. Supp. 2d 1257, 1264 (M.D. Ala. 2001) (citing *Fitzgerald v. Seaboard Sys. R.R.*, 760 F.2d 1249, 1251 (11th Cir. 1985) (per curiam)).

> [These changes] were intended to provide federal courts . . . with a broader range of jurisdiction; that is, with jurisdiction over claims arising under the patent laws *even* when asserted in counterclaims, rather than in an original complaint. At the same time, the changes to § 1338 expressly remove such claims from the ambit of state court jurisdiction.

*MPHJ Tech. Invs., LLC*, 803 F.3d at 644.

Since Defendants' counterclaims of patent inventorship and ownership arise under the federal patent laws, the Court must determine whether Defendants' counterclaims are compulsory. Fed. R. Civ. P. 13(a) governs this inquiry. A counterclaim is compulsory if the claim "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim" and "does not require adding another party over whom the court cannot acquire jurisdiction." Fed. R. Civ. P. 13(a)(1)(A)-(B). Plaintiff's Complaint alleges "various state law causes of action based upon the Defendants' disclosure and misappropriation of [Plaintiff's] novel idea, trade secret and/or other confidential information communicated to them in confidence." Doc. 14, at 3. Specifically, Plaintiff alleges "after learning of [Plaintiff's] novel idea in confidence, Defendants disclosed it to other individuals and filed a patent application on [his] idea, unbeknownst to [him], thereby disclosing it to the world, in breach of the Defendants' obligations to maintain its confidentiality, and thereby destroying [his] trade secret." *Id.* Defendants' counterclaims involve questions of who owns the patent at issue, who invented the patentable device, whether Plaintiff interfered with Defendants INGEN1, LLC's and Clifford A. Henricksen's business relations when he filed his claims in *Erdman I*, whether Plaintiff breached the nondisclosure agreement that Plaintiff entered into with certain of Defendants, and whether the nondisclosure agreement is enforceable. *See* Doc. 30, at 9-13. Based on the allegations of Plaintiff's Complaint, the Court finds Defendant's counterclaims arise out of the same set of facts. Additionally, Defendants' counterclaims do not add another party over whom the court cannot acquire jurisdiction. Therefore, Defendants'

counterclaims are compulsory pursuant to Fed. R. Civ. P. 13(a), and the Court finds it has subject matter jurisdiction over this matter.

IV. **CONCLUSION**

Based on the foregoing analysis, the Court hereby **ORDERS** the following:

1. Plaintiff's motion to withdraw (Doc. 44) is **GRANTED;**

2. Plaintiff's Motion to Remand (Doc. 14) is **WITHDRAWN**;

3. Plaintiff's amended complaint is **DUE** by **June 7, 2019**;

4. Plaintiff's answer to Defendants' counterclaims is **DUE**, pursuant to Fed. R. Civ. P. 12(a)(1)(B), within **twenty-one (21) days** after Defendants file their responsive pleading that includes their counterclaims; and

5. The **CLERK OF COURT** is **DIRECTED** to enter the Court's preliminary scheduling order once the parties have filed their respective anwers to the amended complaint and counterclaims.

**DONE** and **ORDERED** this the 24th day of May 2019.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE